**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Union Central Life Insurance Company,
    Plaintiff,

                            Case No. 1:11-cv-75

    v.

                            Weber, J.
John Eftin Andraos,             Litkovitz, M.J.
    Defendant.

**ORDER TO SHOW CAUSE**
**AND**
**REPORT AND RECOMMENDATION**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint

(Doc. 9) and the parties' responsive memoranda. (Docs. 11, 12). This Court has diversity

jurisdiction over this breach of contract action pursuant to 28 U.S.C. § 1332.

**I. Background and Facts**

On February 8, 2011, plaintiff filed the instant action alleging the following:

On July 24, 2007, plaintiff Union Central Life Insurance Company ("Union Central") and

defendant John Andraos ("Andraos") entered into a contract titled "Broker Contract" wherein

Union Central appointed Andraos as an agent of Union Central's for purposes of, among other

things, soliciting and selling Union Central's insurance polices on behalf of Union Central.

(Doc.1, ¶ 5). The Broker Contract incorporated by reference a "Broker Schedule of

Compensation," which memorialized the compensation ("Commissions") that Andraos would be

paid by Union Central for the sale of policies. *Id.* at ¶ 6. The Broker Contract contained a

provision whereby certain Commissions paid by Union Central to Andraos for the sale of

policies that were ultimately terminated within one year of their issuance were to be repaid to

Union Central by Andraos. *Id.* at ¶ 7. Such reversals of Commissions were commonly known to

both Union Central and Andraos as "Chargebacks." *Id.*

Union Central also entered into certain written contracts known as "Agent Contracts" with certain non-parties wherein Union Central appointed them as Agents to solicits policies. *Id.*, ¶ 11. The Agent Contracts also required the Agents to repay Commissions paid by Union Central to the Agents for the sale of policies that were ultimately terminated within one year of their issuance. *Id.* Such reversals of Commissions were commonly known to both Union Central and Andraos as "Agent Chargebacks." *Id.* Pursuant to the terms of "Annualized Authorization" agreements executed by Andraos and the Agents, Andraos guaranteed the repayment of Agent Chargebacks in the event they were not satisfied by the Agents. *Id.*, ¶ 12, Exs. C-F.

The complaint alleges that Andraos has failed to pay Union Central nearly $400,000 in Chargebacks and Agent Chargebacks in breach of the agreements between the parties. *Id.*, ¶¶ 9, 13.

On September 1, 2007, Union Central and Andraos entered into a Branch Manager Contract, wherein Union Central employed Andraos for the purposes of operating a branch office agency of Union Central's California Branch Office. (Doc. 1, ¶ 14). The Branch Manager Contract contained a provision wherein Union Central agreed to reimburse Andraos for Branch Office expenses. *Id.*, ¶ 15. The complaint alleges that Union Central reimbursed Andraos in the amount of $1,955,812.20 for expenses Andraos maintained were related to the Branch Office. Union Central alleges that such expenses were ultimately shown to be unrelated to the Branch Office and seeks redress for the alleged unjust enrichment of Andraos. *Id.*, ¶ 15.

**II. Andraos' motion to dismiss is premature and should be dismissed without prejudice.**

The parties are also involved in a related case currently pending before the Court. *See Union Central Life Ins. v. Andraos*, 09-cv-758 (S.D. Ohio filed October 20, 2009). In that case, on March 4, 2011, the Court ordered the parties to show cause why these two matters should not be consolidated. (Doc. 47).

Thereafter, on April 8, 2011, Andraos filed a motion to dismiss Union Central's complaint in the instant action asserting that it involves the same facts as the previously filed case and constitutes a case of improper claims splitting. *See Wilkins v. Jakeway,* 183 F.3d 528 (6th Cir. 1999). Union Central asserts that Andraos' motion should be denied as premature because the Court has not ruled on the pending Show Cause Order relating to the issue of consolidation. (Doc. 11). For the reasons that follow, the undersigned agrees that dismissal of this action is premature at this time.

Upon review of the contracts at issue, both the Branch Manager and Broker Contracts provide that "[a]ny controversy or claim in excess of $15,000.00 arising out of or relating to [the Branch Manager and Broker Contract] or any breach of th[e] Contract . . . shall be finally settled by arbitration administered by the American Arbitration Association ("AAA") in accordance with its Commercial Arbitration Rules and the Federal Arbitration Act." (Doc. 1, Ex. A at 7; Ex. G at 7-8). Both the Branch Manager and Broker Contracts also include the following provision:

> The decision or award of the arbitrator shall be final, binding and enforceable. The decision of the arbitrator shall be in writing and shall set forth in reasonable detail the basis for the decision. Application may be made to any court of competent jurisdiction for judicial acceptance of the arbitration award and enforcement, as the law of the state having jurisdiction may require or allow.

*Id.*

-3-

In another related case involving the same parties, the United States District Court for the Central District of California previously decided that the arbitration provision in the Branch Manager and Broker Contract was valid and enforceable. *See Andraos, et al v. The Union Central Life Ins. Co.*, Case No. 2:09-cv-8815, Doc. 30, 39, (C.D. Ca. 2010). As a result, the California court granted Union Central's motion to compel arbitration and dismissed Andraos' complaint arising under those agreements. *Id.* The arbitration was subsequently terminated as a result of the parties' failure to deposit the requisite arbitration fees prior to a final decision or award of the arbitrator on the merits of the parties' claims. The California court further determined that the dismissal of the action should not be vacated in light of the termination of the arbitration. *Id.* at Doc. 44.

In light of the foregoing, it appears that Union Central's claims for breach of the Broker Contract and unjust enrichment under the Branch Manager Contract are subject to binding arbitration and are not properly before the Court at this time. Accordingly, the undersigned finds that Andraos' motion to dismiss Union Central's complaint as duplicative should be denied without prejudice, subject to refiling, if necessary, after the Court resolves all issues relating to arbitration.

## IT IS THEREFORE RECOMMENDED THAT:

Andraos' motion to dismiss Union Central's complaint (Doc. 9) be **DENIED** without prejudice.

Additionally, the parties are herein **ORDERED TO SHOW CAUSE,** in writing and within **thirty (30) days** of the filing date of this Order, why Union Central's complaint should not be dismissed or stayed pending the arbitration of such claims resulting in a final decision or

-4-

award.[1]

Date: **8/5/2011**

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Section 10(d) of the Federal Arbitration Act confers jurisdiction on the district court only when the arbitrators have made a "final" award. *See* 9 U.S.C. § 10(d).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Union Central Life Insurance Company,
     Plaintiff,

                                  Case No. 1:11-cv-75

    v.

                                  Weber, J.
John Eftin Andraos,                 Litkovitz, M.J.
     Defendants.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Am,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).